Brooke, J
I concur in the opinion that the decree should be affirmed. When a party comes into a court of equity for relief, he ought to make out a case by proof, and not by conjecture, in order to entitle him to it. In the case before us, it seems to be admitted, that the proofs in the record are 'defective; that it is not satisfactorily proved, when Ewell’s bonds and the 1000 dollars were lent by Weaver to Grigsby; without which proof it is impossible to decide, whether the bond of the 23rd May 1817, on which Weaver’s judgment at law was founded, was usurious or not. This fact was as susceptible of proof in the court of chancery, as any other fact in the case; and there being no clashing of testimony in the record, nor any impeachment of any portion of it, I think the chancellor ought to have dismissed the bill on the hearing. But he directed an issue to try the question of usury; that is, to ascertain the facts as to the date of the loan of Ewell’s bonds, and that of the loan of the 1000 dollars; and a jury (certified by the judge to be highly respectable for intelligence and integrity) found a verdict that the bond of May 1817 was not usurious. There was some evidence adduced on the trial, which was not within the allegations of the bills. Whether this evidence influenced the judge in coming to the conclusions stated in his certificate, we do not know. That no agreement is *209 proved, that the loan was on twelve or tioelve and a half per cent, interest, is admitted by the judges here; yet the judge who presided at the trial of the issue, by assuming the time when the loan was made, has come to that conclusion. Weighing the verdict of the jury, which is supported by the evidence in the record, I think (admitting the chancellor was right in directing the issue) that the verdict must outweigh the certificate of the judge. Both were intended to satisfy the conscience of the chancellor; and although if the judge had certified, that the verdict was contrary to the evidence, and no more, he would have been bound to direct a new trial, yet when the certificate of the judge assumes facts, and shews that he did not believe some of the evidence which the jury may have credited (as, for instance, the evidence, that both Grigsby and Weaver had declared the bond not usurious), I cannot think the chancellor was bound to set aside the verdict; especially, as it is fairly to be inferred from the certificate, though vaguely expressed, that there was no other evidence before the jury, than that found in the depositions in the record. Usury is an offence against the statute, which ought to be well proved before a party is convicted of it: I do not mean by direct proof only, but by inevitable inference, drawn from established facts. T am of opinion, that neither existed in this case, and that the chancellor erred in directing the issue, on the ground first stated; and that he was right in dismissing the bill.